UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ANTHONY BURKETT, | ) | 1:10-CV-01878 LJO SMS HC |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | ) | |
| WARDEN LOPEZ, | ) | [Doc. #15] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 8, 2010, Petitioner filed the instant petition for writ of habeas corpus. Petitioner contends he was denied his due process rights during two disciplinary hearings held in 2008. On August 25, 2010, Petitioner was released on parole. (See Resp't's Mot. to Dismiss, Ex. 1.)

**DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v.


Hayworth, 300 U.S. 227, 240-241 (1937).

The instant petition is moot because Petitioner has already been released on parole. A presumption of collateral consequences does not apply to prison disciplinary proceedings, and Petitioner has not alleged collateral consequences sufficient to avoid dismissal on the ground of mootness.  Wilson v. Terhune, 319 F.3d 477, 480 (9th Cir.2003).

**RECOMMENDATION**

Accordingly, the court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition for mootness be GRANTED.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of this Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) days after date of service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 3, 2011**                        /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE